Laura L. Donaldson, OSB#022930
Kuni Donaldson, LLP
1975 SW 1st Ave., Ste. H
Portland OR 97201
Tele: 503-227-3004
email: laura@kunidonaldson.com
Attorney for Sean Daniel Schrader

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re | Chapter 13 |
| Sean Daniel Schrader, | Case No. 17-30928-dwh13 |
| Debtor. | |
| Vincent Wurster, an individual and Tina Elston, an individual, | Adversary Proceeding No. 17-03086-dwh |
| Plaintiff. | DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COMPLAINT |
| vs. | |
| Sean Daniel Schrader, | |
| Defendant. | |

Defendant Sean Daniel Schrader, by Laura L. Donaldson, his attorney, herewith presents his memorandum of points and authorities supporting his motion for summary judgment of dismissal as to Plaintiff's Complaint. Defendant restates and incorporates his Concise Statement of Facts filed contemporaneously herewith.

By his motion for summary judgment of dismissal, Defendant contends that Plaintiffs untimely commenced this adversary proceeding seeking non-dischargeability of a debt in the related Chapter 13 case, that there are no facts or circumstances which would mitigate such

Kuni Donaldson, LLP
1975 SW 1st Ave., Ste H
Portland OR 97201
503-227-3004

Page 1 - DEFENDANTS MEMORANDUM

Case 17-03086-dwh    Doc 8    Filed 08/30/17

untimely commencement, and that Plantiff's Complaint must be dismissed as a matter of law.

POINTS AND AUTHORITIES

1. <u>Parties in interest objecting to a dischargability of certain debts must file a proper Complaint for such with the bankruptcy clerk's office within sixty (60) days of the first scheduled meeting of creditors.</u>  In this case, the first scheduled meeting of creditors was on April 11, 2017, resulting in a deadline of June 12, 2017, for commencement of an adversary proceeding objecting to discharge. BR 4004(a).  The clerk of the court issued a notice to all parties in interest conveying notice of this limited period of time to commence such proceedings.

2. <u>Plaintiffs had notice of the limited period of time within which to commence their intended proceeding to dispute the debtor's right to discharge their alleged debt.</u>   Plaintiffs Wurster and Elston were duly scheduled for mailing of the above-described §341(a) notice. Plaintiff's counsel received such notice and filed an Objection to Confirmation of Debtor's plan. Plaintiffs actively participated in Debtor's bankruptcy case by filing said Objection within the time periods allowed, so are presumed to have notice of the filing deadlines herein.

3. <u>Plaintiffs did not timely commence their adversary proceeding challenging Defendant's right to a discharge of the alleged debt.</u>  The Court's records clearly show that the Plaintiffs' Complaint in this proceed was filed on July 10, 2017, numerous days after the bar date for commencement of an adversary proceeding in this case.

4. <u>A motion to extend the time period to commence an action challenging a debtor's discharge rights may be granted for "cause", however the motion must be filed prior to the expiration of the deadline which the movant seeks to have the Court extend.</u>  BR 4004(b)(1) requires that a party seeking to enlarge the time within which a non-discharge action may be commenced, i.e., to expand the bar-date for such commencement, must file his motion for such extension before the original time period has expired, subject only to the exception set forth in

Kuni Donaldson, LLP
1975 SW 1st Ave., Ste H
Portland OR 97201
503-227-3004

Page 2 - DEFENDANTS MEMORANDUM

BR4004(b)(2). In re Grant, 45 BR 265 (Bankr.D.Me 1984).

> "After the time [bar-date] has expired, the court has no discretion to enlarge it [Time period to file a motion for time extension]. Rule 9006(b)(3); In re Harvey, 69 B.R. 411, 412 (N.D. Ohio 1987)" Cited in Wests Bankruptcy Procedure Manual, Sect. 4004:2."

The harshness of this rule is counter-balanced by the comparative ease with which the same Rule 4004 operates to allow a party to seek an extension of the period of time to file a non-discharge proceeding, if such relief is sought before lapse of the bar-date. Such extension may be sought on notice but without a hearing, and it is timely filed if only the motion is filed with the clerk of the court before the lapse of the original filing period.

    5.    <u>There is no basis for enlargement of the time period to commence an action challenging a debtor Debtor's discharge or time to file a non-discharge complaint under BR9006 and Rule 4007(c):</u>

> <u>Bankruptcy Rule 9006(b)(3)</u>: The court may enlarge the time for taking action under Rules...4004(a)...only to the extent and under the condition stated in those rules...

> <u>Rule 4007( c)</u> - ..."a complaint to determine the dischargeability of a debt under §523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under 341(a). ....On motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be filed before the time has expired."

The more general and discretionary standards for granting an enlargement of a time period often based on arguments of excusable neglect by a party or counsel, are not applicable in this matter because Rule 9006(b)(3) expressly limits the basis for an enlargement in this type of proceeding to the more strict and non-discretionary basis for enlargement of the bar date period specified in Rule 4004(a).

Although Plaintiffs did not appear through Counsel at the pre-trial conference, Counsel for Defendant spoke with Counsel for Plaintiff on July 26, 2017 prior to filing of

Kuni Donaldson, LLP
1975 SW 1st Ave., Ste H
Portland OR 97201
503-227-3004

Page 3 - DEFENDANTS MEMORANDUM

Case 17-03086-dwh    Doc 8    Filed 08/30/17

Defendant's Answer herein about the missed deadline and Defendant's position. It is understood that the time line for filing the Complaint was missed as a result of improper docketing of the deadline by Plaintiff's Counsel (for purposes of this Motion only, Defendant will assume possible argument by Plaintiff to include "excusable neglect").  No additional Motions by Plaintiff have been brought to date.

"Ninth Circuit law ... strictly construes Rule 4007(c)" and courts "cannot extend [its] time limit implicitly" where no such motion is made. Allred v. Kennerley (In re Kennerley), 995 F.2d 145, 147 (9th Cir.1993); see also Anwar v. Johnson, 720 F.3d 1183, 1187, No. 11-16612, slip op. at 9, 2013 WL 3306327 (9th Cir. July 2, 2013) ("[W]e have repeatedly held that the sixty-day time, limit for filing nondischargeability complaints under 11 U.S.C. § 523(c) is strict and, without qualification, cannot be extended unless a motion is made before the 60-day limit expires." (internal quotation marks omitted)); Anwiler v. Patchett (In re Anwiler), 958 F.2d 925, 927 (9th Cir.1992) ("[A] court no longer has the discretion to set the deadline, nor can it sua sponte extend the time to file...."); cf. Kontrick v. Ryan, 540 U.S. 443, 448 n. 3, 456, 124 S.Ct. 906, 157 L.Ed.2d 867 (2004) (characterizing Rule 4004's time prescription, which is "essentially the same" as that in Rule 4007, as "an inflexible claim-processing rule" that is "unalterable on a party's application"). Strict construction of Rule 4007(c) is necessary due to "the need for certainty in determining which claims are and are not discharged." Kennerley, 995 F.2d at 148. Accordingly, the Complaint filed herein was untimely.

The Ninth Circuit has allowed "an exception to Rule 4007(c)'s time limits for 'unique' or 'extraordinary' circumstances. In re Kennerley, 995 F.2d 145, 147 (9th Cir. 1993); Anwar v. Johnson, 720 F.3d 1183, 1188 (9th Cir. 2013) ("Absent unique and exceptional circumstances..we do not inquire into the reason a party failed to file on time in assessing whether she is entitled to an equitable exception from FRBP 4007 (c)'s filing deadline"). Unique circumstances are

Kuni Donaldson, LLP
1975 SW 1st Ave., Ste H
Portland OR 97201
503-227-3004

situations beyond the control of the parties, such as where Federal Express is paid for next day delivery of an adversary complaint to meet a deadline yet fails to deliver. See Berkowitz v. Turchin (Case No. CV 16-06160-AB (C.D. Cal. Mar. 3, 2017). Although unfortunate, the mere negligence of Counsel in calendaring deadlines is neither 'unique' or 'extraordinary'. This case simply does not present such a unique or exceptional situation.

## SUMMARY

Plaintiffs did not timely file their Complaint in this proceeding and they did not seek an enlargement of the filing period before it lapsed so as to allow their action to proceed. Belated enlargement of such filing period may only be permitted for cause under 'unique' or 'extraordinary' circumstances. Plaintiff's Complaint does not allege such grounds, nor has Plaintiff appeared to present the Court with an explanation as to why any such grounds exist. So long as Plaintiff has not filed a motion for enlargement under Rule 4004(b) or 4007( c) and prevailed, there is no substantive or procedural basis for denying Defendant's Motion to Dismiss.

Dated this 30th day of August, 2017.

/s/ Laura L. Donaldson

Laura L. Donaldson, OSB # 022930
Attorney for Defendant

Page 5 - DEFENDANTS MEMORANDUM

Kuni Donaldson, LLP
1975 SW 1st Ave., Ste H
Portland, OR 97201
503-227-3004

Case 17-03086-dwh    Doc 8    Filed 08/30/17